**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **ANTHONY IZUOGU,** |
| **Plaintiff,** |
| **v.** |
| **ARAMARK FOOD SERVICES,** |
| **Defendant.** |

**Civil Action No.**

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Aramark Services, Inc.[1] ("Defendant") hereby removes this case from the Supreme Court of New York County, to the U.S. District Court for the Southern District of New York.  This Court has subject-matter jurisdiction over this action under Section 1332(a) of Title 28 of the United States Code as the parties are diverse and the amount placed in controversy exceeds $75,000.

## SUMMARY OF COMPLAINT

1.      On June 22, 2022, Plaintiff Anthony Izuogu, *pro se*, commenced this action in the Supreme Court for the County of New York, New York, captioned as *Anthony Izuogu v. Aramark Food Services*, 100625-2022.

2.      In his complaint, Plaintiff asserts causes of action relating to harassment, hostile work environment, and labor exploitation.

---

[1] Aramark Services, Inc. is the corporate entity that employed Plaintiff at the time of her employment termination and, as such, it is the Aramark entity that should be named as a defendant.  Aramark Food Services never employed Plaintiff, so it is not a proper corporate defendant and should be dismissed from the case.  To the extent that Aramark Food Services is deemed to be a proper defendant (which it is not), the responses of Aramark Services, Inc. to the allegations in Plaintiff's Complaint are also asserted on behalf of Aramark Food Services.

3.    In the prayer for relief section of his complaint, Plaintiff seeks damages of $700,000, exclusive of costs and expenses.

4.    A copy of the Complaint is attached as **Exhibit A**, together with a copy of the state court docket sheet.

5.    On information and belief, these documents comprise the entirety of the process, pleadings, and orders filed in the Supreme Court for the County of New York, New York.  28 U.S.C. § 1446(a).

## VENUE IS PROPER IN THIS COURT

6.    This case was filed originally in the Supreme Court for the County of New York, New York, which renders venue proper in this federal district.  *See* 28 U.S.C. §§ 129(b), 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

## THE COURT POSSESSES SUBJECT-MATTER JURISDICTION

7.    Federal law allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

8.    Federal district courts have original jurisdiction, inter alia, where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties.  28 U.S.C. § 1332.

9.    This Court has diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy more than $75,000.

## THE PARTIES, AS CITIZENS OF DIFFERENT STATES, ARE DIVERSE

10.    Plaintiff is a resident and citizen of New Jersey.  (Ex. A, Compl. ¶ 1).

2

11.     Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Aramark Services, Inc. is a Delaware corporation with a principal place of business in Pennsylvania. Aramark Services, Inc. is wholly owned by Aramark Intermediate HoldCo Corporation, a Delaware corporation with a principal place of business in Pennsylvania.  Aramark Intermediate HoldCo Corporation is wholly owned by Aramark, a Delaware corporation with a principal place of business in Pennsylvania.

12.     Accordingly, the parties are completely diverse because they are citizens of different states.  See 28 U.S.C. § 1332(a)(1).

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.     In his complaint, Plaintiff demands $700,000. **Ex. A** at Prayer for Relief. Plaintiff's claims place in controversy more than the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

14.     While Defendant denies that Plaintiff is entitled to any damages at all, Plaintiff's allegations satisfy the $75,000 jurisdictional amount-in-controversy requirement.

15.     In his complaint, Plaintiff seeks various forms of relief, including fees and costs. A federal court considering a petition for removal is *not* limited to reviewing the explicit allegations in the complaint; it also may reasonably interpret the allegations.  *See Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982) (federal question jurisdiction); *see also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) (removal); *accord* 14A Charles Alan Wright, Arthur R. Traverso & Edward H. Cooper, *Federal Practice & Procedure* ¶3725, at 423-24 (2d ed. 1985).

16.     Here, a reasonable reading of the types of injuries for which Plaintiff seeks to

recover, as well as Plaintiff's explicit monetary demand indicate that he is seeking damages that are "more likely than not" in excess of $75,000.

## STATE COURT PLEADINGS

17.    Pursuant to 28 U.S.C. §1446(a) Defendant is filing copies of all process, pleadings and orders existing on file in the State Court with this Notice of Removal. Copies of these removal documents are attached to this Notice of Removal at **Exhibit A**.

## NOTICE TO PLAINTIFF AND THE CIRCUIT COURT

18.    Contemporaneously with the filing of this notice of removal, Defendant will provide notice to Plaintiff and file a copy of this notice of removal in the Supreme Court for the County of New York, New York as required by 28 U.S.C. § 1446(d).

Dated this 9th day of August, 2022.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ August W. Heckman III*
August W. Heckman III
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
august.heckman@morganlewis.com
*Attorneys for Defendant Aramark Services, Inc.*

*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ August W. Heckman III*
August W. Heckman, III

## SERVICE LIST

**ANTHONY IZUOGU**
805 New York Avenue, Apt. E5
Union City, NJ, 07087
Plaintiff, *pro se*