```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

ANTHONY IZUOGU,

                    Plaintiff,

    - against -

ARAMARK FOOD SERVICES,

                    Defendant.

22-cv-6789 (JGK)

MEMORANDUM OPINION AND ORDER

------------------------------------------------------------

JOHN G. KOELTL, District Judge:

    The pro se plaintiff, Anthony Izuogu, initially brought this action against the defendant, Aramark Food Services, in the New York State Supreme Court, New York County. On August 9, 2022, the defendant removed the action to the United States District Court for the Southern District of New York. Not. of Removal, ECF No. 1. The plaintiff now moves to remand this case to the state court, arguing that the defendant's notice of removal was untimely. For the following reasons, the plaintiff's motion for remand is **granted**.

I.

    The following facts are taken from the defendant's notice of removal, ECF No. 1, unless otherwise noted. On June 22, 2022, the plaintiff, a resident of New Jersey, sued the defendant, a Delaware corporation with a principal place of business in Pennsylvania, in the New York State Supreme Court, New York County, seeking damages of $700,000 arising out of alleged

employment discrimination. Not. of Removal ¶¶ 1-3, 10, 11. On June 24, 2022, the plaintiff served the summons and complaint on Gina Hernandez, a "CT Corporation System Process Receiving Agent." Pl.'s Mot. to Remand, Ex. 1, ECF No. 11-1. CT Corporation is the defendant's registered agent for service of process. Id. On August 9, 2022, the defendant filed a notice of removal to this Court, alleging that this Court has jurisdiction over the action pursuant to 28 U.S.C. 1332(a)(1), diversity of citizenship jurisdiction. See Not. of Removal. The plaintiff now seeks to remand this case to the state court and argues that removal was improper because the defendant's notice of removal was untimely filed.

**II.**

The defendant's registered agent, CT Corporation, received service of the summons and complaint on June 24, 2022. The defendant filed its notice of removal on August 9, 2022, over 30 days later. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C.

§ 1446(b)(1).[1] The defendant's untimely filed notice of removal, therefore, requires that the case be remanded to state court.

The defendant argues that, when service is made on a statutory agent, the time to remove runs from the date the defendant receives the notice that service was made on the statutory agent. However, the plaintiff served the defendant's registered agent, not a statutory agent. See Moran v. Trans States Airlines, LLC, No. 20-cv-6155, 2020 WL 5912391, at *3 (S.D.N.Y. Oct. 6, 2020) (distinguishing between "service on a statutory agent," which "does not trigger the 30-day removal period," and service on a "designated agent," which is "sufficient to start the clock on the 30-day removal period"). A statutory agent, for purposes of service of process, is ordinarily the Secretary of State for the state in which process is served. See Cygielman v. Cunard Line Ltd., 890 F. Supp. 305, 307 (S.D.N.Y. 1995). In this case, because the plaintiff did not serve process on New York's Secretary of State, the defendant's reliance on Cygielman is inapposite.

CT Corporation, as the defendant's registered agent, received service on June 24, 2022. This constituted constructive receipt by the defendant of service of the initial pleading. See

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Recyclers Consulting Grp., Inc. v. IBM-Japan, Ltd., No. 96-cv-2137, 1997 WL 615014, at *3 (S.D.N.Y. Oct. 3, 1997) ("The Court concludes that Plaintiff's January 30, 1996 proper service of the summons and complaint on Defendant's designee for service, CT Corporation, triggered the 30-day removal limitations period."); cf. Rowland v. Giftcertificates.com, Inc., 195 F. Supp. 2d 509, 517 (S.D.N.Y. 2002) ("Constructive receipt of an initial pleading by a defendant exists in limited circumstances where a corporation designates a third party to serve as an agent upon which process is to be served."). Accordingly, the defendant had 30 days from June 24, 2022 to file a timely notice of removal. Because the defendant did not timely file the notice of removal, the plaintiff's motion to remand the case to the state court is **granted**. See Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991) ("[T]he statutory time limit [of 28 U.S.C. § 1446(b)] is mandatory . . . ."), abrogated on other grounds by Contino v. United States, 535 F.3d 124, 126-27 (2d Cir. 2008).

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to remand this case to the New York State Supreme Court, New York County, is **granted**. The Clerk is

4

directed to remand this case and to close this case on the docket of this Court.

**SO ORDERED.**

**Dated:    New York, New York
November 17, 2022**

_____
John G. Koeltl
United States District Judge